Paul S. Bovarnick, OSB 791654
Rose, Senders and Bovarnick, LLC
1205 NW 25th Avenue
Portland, OR 97210
Telephone:  (503) 227-2486
Facsimile:   (503) 226-3131
E-mail Address: pbovarnick@rsblaw.net

Nicholas D. Thompson, *pro hac vice* motion forthcoming
Casey Jones Law
1330 Lagoon Avenue, Fourth Floor
Minneapolis, MN 55408
Phone: (757) 477-0991
Email: nthompson@caseyjones.law

  Attorneys for Plaintiff Terry Brown

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERRY BROWN<br><br>     Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation AND PORTLAND TERMINAL RAILROAD COMPANY, an Oregon Corporation.<br><br>     Defendants. | Case No.<br><br>RACIAL DISCRIMINATION - 42 USC §2000e, et seq. - 42 USC § 1981a, et seq.<br><br>JURY TRIAL DEMAND |

COMPLAINT - 1

COMES NOW Plaintiff Terry Brown, hereinafter "Brown", by and through his attorneys, Paul S. Bovarnick and Nick Thompson, and for his Complaint against Defendant Union Pacific Railroad Company and the Portland Terminal Railroad Company, asserts:

1. At all material times, Defendant Union Pacific Railroad Company, hereinafter "UP", was a Delaware corporation and railroad in interstate commerce doing business in Portland, Oregon.

2. At all material times Defendant Portland Terminal Railroad Company, hereinafter "PTRR", was a corporation and railroad in interstate commerce incorporated in the state of Oregon, doing business as a railroad in interstate commerce in Portland, Oregon. PTRR is owned by UP and Burlington Northern Santa Fe Railroad. Its Board of Directors are appointed by its owners, UP and Burlington Northern Santa Fe Railroad. The General Manager of PTRR reports to the PTRR Board and UP management.

3. Brown was employed by defendant UP from 2004 to 2019. Plaintiff was employed by PTRR and UP from 2019 to 2021.

3. Jurisdiction is conferred on this court by 42 USC §12101, *et seq.*, 42 USC §§ 2000e, *et seq.*, 29 USC §621, *et seq.*, 28 USC §1331 and 28 USC §1337.

4. Venue is within the District of Oregon pursuant to 28 USC §1391(b) as this claim arose in this judicial District.

5. In 2021 UP operated in 23 states with 31,000 employees and over more than 32,000 miles of track, with more than 7,000 locomotives and 50,000 freight cars. In that year UP generated revenue of more than $21 billion and profits of more than $6 billion.

6. In 2021 PTRR had 37 employees and revenues of less than $1,000,000.

7. Plaintiff is Black.

COMPLAINT - 2

8.      Brown is 47 years old. He was born in Monroe, Louisiana to Black parents. His father was employed by the Union Pacific for 20 years, until his retirement in 2001. His father experienced repeated episodes of bias and discrimination from Union Pacific officials during his employment.

9.      Brown graduated from the University of Utah in 2004. He was hired by UP as an operations manager trainee in September, 2004. Soon thereafter, Brown was promoted to Manager of Yard Operations. In 2008 Brown was promoted to Manager of Train Operations, then to Senior Manager of Train Operations. In 2009 Brown was promoted to Director of Transportation Services. In 2010 Brown was promoted to Director of Transportation Service in St. Louis. In 2012, Brown was again promoted to management jobs at UP Harriman Dispatch Center in Omaha. His first position in Omaha was Regional Superintendent for the Western Region. His next promotion was to Network Superintendent and then to General Director of Coal. Transportation of coal was then UP's most lucrative business.  In 2014 Brown moved laterally to be the Director of Transportation Service in Salt Lake City and in 2018 he was promoted to Superintendent of the Salt Lake Service Unit, comprising UP operations in Utah, Nevada, California, Wyoming and Idaho. Soon thereafter, on September 1, 2018, Brown was promoted to General Superintendent of the Portland Service Unit. The Portland Service Unit includes UP operations in Oregon, Washington, California and Idaho. The Portland Service Unit alone generates approximately one seventh of UP's annual revenue from freight operations.

10.     Plaintiff received merit awards from UP in 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020 and 2021. In 2020 and 2021 he received positive performance reviews. In 2019 UP paid plaintiff more than $285,000 and awarded another $242,000 in stock and other benefits.

COMPLAINT - 3

11. On June 17, 2019, defendant UP demoted Brown. Defendants then assigned Brown to be the General Manager of the PTRR. Defendant UP refused to tell Brown what acts or omissions he had committed that prompted UP to demote him. Defendants gave Brown no reason for his appointment as general manager of PTRR.

12. While General Manager of PTRR, Brown received positive performance reviews from Defendants. Brown was PTRR's first Black General Manager

13. On October 13, 2021, Brown was informed by UP that he was being terminated from his job as General Manager of PTRR and discharged from UP. Brown was not told by defendants what actions he had taken or not taken that justified UP and PTRR's termination of his employment.

14. Brown complained to UP and PTRR that it tolerated conduct by white employees and executives that it did not tolerate among Black managers and executives.

15. Between approximately 2016 and 2021 UP fired, demoted or forced the resignations of numerous Black executives and managers, including, but not limited to Jamal Chappell, Paul Hinton, Lyndon Raphael, Renaldo Smith, Joe Thompson, Aaron Evans, LT Griffin, Marcus Whittington, Anya Jackson, Davida Adams, Sherrye Hutcherson, Eric Butler, Robert Ellis, Eric Humphrey and others.

16. UP and PTRR have long tolerated abusive behavior and failure to meet goals and standards among its white executives and managers who hold or have held positions comparable to the black managers and executives who have been the victims of race-based discrimination. Abusive or incompetent White managers and executives who were not subject to adverse employment actions during plaintiff's employment include Andrew Sanders, Val Schultz, Chase

COMPLAINT - 4

Nichols, Sean Cotton. Jonathon Smith, David O'Hara, Dan Schudack, Steve Barkley, John Turner, Dan Witthaus, Jim Vena, Tom Lischer, Brian McGavock, Ron Tindall and others.

17. The demotion or terminations of the employment of Plaintiff and Jamal Chappell, Paul Hinton, Lyndon Raphael, Renaldo Smith, Joe Thompson, Aaron Evans, LT Griffin, Marcus Whittington, Anya Jackson, Davida Adams, Sherrye Hutcherson, Eric Butler, Robert Ellis, Eric Humphrey and other Black managers and executives as well as the retention of Andrew Sanders, Val Schultz, Chase Nichols, Sean Cotton. Jonathon Smith, David O'Hara, Dan Schudack, Steve Barkley, John Turner, Dan Witthaus, Jim Vena, Tom Lischer, Brian McGavock, Ron Tindall and other white managers and executives were done at the direction and with the approval of Lance Fritz, Chairman, President and Chief Executive Office of Defendant UP.

## FIRST CLAIM FOR RELIEF

17. Defendants UP and PTRR and each of them discharged Brown because he is Black, in violation of 42 USC §2000e-2(a).

18. As a result of the violation of 42 USC §2000e by defendants UP and PTRR and each of them, Brown suffered worry, distress and loss of income and will continue to do so.

19. Defendants UP and PTRR and each of them fired Brown with reckless or deliberate disregard for plaintiff's rights. As a result, plaintiff is entitled to punitive damages.

## SECOND CLAIM FOR RELIEF

20. Section 2000e-3(a) of Title VII prohibits retaliation against employees for opposing violations of Title VII.

21. On various occasions Brown opposed the violation of Title VII by UP and PTRR, and each of them when he informed management of UP and PTRR that it had engaged in

COMPLAINT - 5

discriminatory conduct by their racially disparate application of UP's and PTRR's workplace rules, in violation of 42 USC §2000e-3(a).

22. Brown was fired by UP and PTRR because he opposed their racially discriminatory practices, in violation of 42 USC §2000e-3(a).

23. As a result of the retaliatory conduct of UP and PTRR, and each of them, plaintiff suffered worry, distress and loss of income and will continue to do so.

24. Defendants UP and PTRR and each of them retaliated against plaintiff with reckless or deliberate disregard for plaintiff's rights. As a result, plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

As to Plaintiff's First Claim for Relief:

    a. For judgment against Defendants and each of them;

    b. For reinstatement to his position as Superintendent of the Portland Service Unit;

    c. For an order prohibiting Defendants from further discrimination against Plaintiff;

    d. For economic damages for his First Claim for Relief in the amount of $400,000 to the date of this complaint, and for damages of not less than $250,000 per year thereafter until plaintiff is reinstated;

    e. For compensatory damages and punitive damages from each Defendant in the amount of $300,000;

    g. For prejudgment interest as allowed by law;

    h. For his attorney fees, costs and disbursements; and

COMPLAINT - 6

    i.  For all such other relief as the court shall deem equitable and just.

As to Plaintiff's Second Claim for Relief:

    a.  For judgment against Defendants;

    b.  For reinstatement to his position as Superintendent of the Portland Service Unit;

    c.  For an order prohibiting Defendants from further retaliation against Plaintiff;

    d.  For economic damages in the amount of $400,000 to the date of this complaint, and for damages of not less than $250,000 per year thereafter until plaintiff is reinstated;

    e.  For compensatory damages and punitive damages from each Defendant in the amount of $300,000;

    g.  For prejudgment interest as allowed by law;

    h.  For his attorney fees, costs and disbursements; and

    i.  For all such other relief as the court shall deem equitable and just.

DATED: <u>January 25</u>, 2023.

            Paul S. Bovarnick, Of Counsel
            Rose, Senders and Bovarnick, LLC

            By: <u>*s/ Paul S. Bovarnick*</u>
            Paul S. Bovarnick, OSB No. 791654
              (503) 227-2486
              pbovarnick@rsblaw.net
                AND
            Nick Thompson
            Of Attorneys for Plaintiff
              (757) 477-0991
              nthompson@caseyjones.law

COMPLAINT - 7